**Larry Bernard CUNNINGHAM,**
**Petitioner,**

v.

**C. C. PEYTON, Superintendent Virginia**
**State Penitentiary, Respondent.**

**Civ. A. No. 68–C–36–R.**

United States District Court
W. D. Virginia,
Roanoke Division.

June 20, 1968.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Larry Bernard Cunningham, a state prisoner, pursuant to the provisions of 28 U.S.C. § 2241.

Petitioner is currently detained in the Virginia State Penitentiary pursuant to a judgment of the Circuit Court for the County of Roanoke of April 11, 1966. At his trial before a jury petitioner was represented by court-appointed counsel and entered a

plea of not guilty. Petitioner appealed from the judgment entered against him, and on November 23, 1966 his petition for a writ of error was denied by the Virginia Supreme Court of Appeals. The petitioner has therefore met the exhaustion of state remedies requirement of 28 U.S.C. § 2254, and it is appropriate at this time for the court to exercise its jurisdiction of petitioner's case.

Petitioner attacks the constitutional validity of the Roanoke County conviction on the same grounds he raised on his appeal to the Virginia high court; (1) the police officers who took the confession which was used against petitioner at trial failed to comply with the *Miranda* ruling in that they failed to advise petitioner that if he could not afford an attorney, one would be appointed for him at state expense, (2) petitioner's confession was not truly voluntary because petitioner was suffering from second degree burns on his legs and abdomen at the time the confession was made.

■ Having reviewed the transcript of the trial proceedings, the court is satisfied that petitioner received a "full and fair" evidentiary hearing on the facts relevant to the issues now presented. This satisfies the requirements of Townsend v. Sain, 372 U.S. 293, 312–313, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and the record is therefore an adequate basis for this decision.

■ Turning to petitioner's first allegation, the interrogating officers admitted at trial that they did not specifically advise petitioner that if he could not afford an attorney, one would be appointed for him at state expense. Petitioner contends that although his trial took place prior to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that ruling should be applied to render his confession inadmissible in evidence. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), however, holds that *Miranda* is to be given prospective application only from June 13, 1966, the day of the *Miranda* decision. Moreover, the Supreme Court's holding in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), does not warrant the exclusion of petitioner's confession under the facts of this case. Petitioner's argument that his confession was improperly admitted into evidence is therefore rejected.

■ Turning to petitioner's argument that his confession was not voluntary because made while he was suffering from second degree burns on his legs and abdomen, a review of the record clearly reveals that there is no basis in fact for this allegation.

Mr. Belcher Millard, Jr., testified that on March 16, 1966 (two days prior to petitioner's arrest) he was working with petitioner when the latter received burns on his legs and stomach while working with hot liquid asphalt. Mr. Millard further testified that after being discharged from the hospital where his burns were treated, petitioner returned to work during the afternoon of the next day, March 17, 1966.

Dr. Harry Minarik, the jail physician, testified that he examined petitioner around 6:00 p. m. on March 18, 1966 (the confession was made at approximately 4:15 p. m. on that day). Dr. Minarik stated that there was evidence of second degree burns on petitioner's legs and abdominal area and that a shot of penicilin was given to avoid infection. He further testified that petitioner "certainly was in contact" and that he talked to him for approximately fifteen minutes. Dr. Minarik described petitioner's mental condition at the time as follows: "he was clear and was not disoriented or apparently confused in any way."

An examination of the confession itself supports the conclusion that petitioner's mental condition at the time he made his confession was the same as Dr. Minarik found it approximately two hours later. The confession covers two and a half typed written pages and describes petitioner's activities both prior, during and after the offense in the most

minute detail. It is not conceivable that a confession of this nature could have been dictated by one who was disassociated from reality or whose mental faculties were confused or disoriented.

It thus appears to the court that neither of petitioner's contentions provide an adequate basis of relief and it is therefore adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.